**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**VERNON ROBINSON, #A-060180**

    **Plaintiff,**

vs.                                                  Case No. 4:13cv102-WS/CAS

**KENNETH TUCKER, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se, filed a civil rights complaint, doc. 1, under 42 U.S.C. § 1983, and an application to proceed in forma pauperis, doc. 2. Plaintiff states within his complaint that he has initiated other actions, but he failed to list the cases. Moreover, Plaintiff stated that he had not had any actions dismissed in federal court on the basis that the case was frivolous, malicious, failing to state a claim, or prior to service. Doc. 1 at 7. That is incorrect.

    Judicial notice is taken that Plaintiff initiated case number 3:09cv914 in the Middle District of Florida on September 8, 2009. Plaintiff's case was immediately dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff failed to state a claim as to the malicious prosecution claim [§ 1915(e)(2)(B)(ii)], and sought monetary

damages against defendants immune from such relief [§ 1915(e)(2)(B)(iii)]. In this Court, Plaintiff brought case number 4:05cv282 which was dismissed in February 2006 because Plaintiff's complaint failed to state a claim upon which relief may be granted in a civil rights case. Most recently, Plaintiff also initiated case number 4:09cv333 in this Court which was also dismissed for failure to state a claim on June 28, 2010. Doc. 20 of that case. Review of those three cases confirms that Plaintiff brought all three cases as his inmate number is the same in each case. Plaintiff's motion for in forma pauperis status must be denied pursuant to 28 U.S.C. § 1915(g)[1] because Plaintiff has three prior dismissals under § 1915(e)(2)(B).

Thus, Plaintiff has failed to identify all of his prior cases, failed to acknowledge having any case dismissed under § 1915(e)(2)(B) and, more importantly, is not entitled to be granted in forma pauperis status under 28 U.S.C. § 1915(g). Review of Plaintiff's allegations presented in the complaint, doc. 1, reveals that Plaintiff does not come within the exception of § 1915(g) either because Plaintiff does not present allegations of imminent serious physical injury against the named Defendants in this case. Rather, Plaintiff's complaint alleges that he was confined in prison beyond the expiration of his sentence before he was released on parole in 1996. *Id.* at 11.

Therefore, it is recommended that Plaintiff's motion for leave to proceed in forma pauperis, doc. 2, be **DENIED** because Plaintiff is barred by 28 U.S.C. § 1915(g) from

---

[1] The statute provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

being granted in forma pauperis status, that Plaintiff's motion requesting the appointment of counsel, doc. 6, be **DENIED** as moot, and the case be **DISMISSED without prejudice** subject to Plaintiff submitting full payment of the filing fee at the time he initiates a new case. *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that a "prisoner cannot simply pay the filing fee after being denied in forma pauperis status. He must pay the filing fee at the time he initiates the suit.").

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), all other pending motions be **DENIED**, and this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e) as abuse of the judicial process because Plaintiff did not truthfully disclose his prior litigation history or § 1915(e) dismissals, and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on March 11, 2013.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**